# Constitutionality of Subsection 4117(b) of Enrolled Bill H.R. 5835, the "Omnibus Budget Reconciliation Act of 1990"

The conditions imposed on action by the Secretary of Health and Human Services by subsection 4117(b) of the Omnibus Budget Reconciliation Act of 1990 violate either the Appointments Clause or the bicameralism and presentment requirements of the Constitution. The subsection is also unconstitutional insofar as it attempts to confer federal lawmaking power on State organizations. *

In the event that the President signs the bill into law, he may direct that the unconstitutional conditions imposed by subsection 4117(b) be given no legal force or effect.

November 5, 1990

MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

This responds to your request for our advice concerning the constitutionality of subsection 4117(b) of enrolled bill H.R. 5835, the "Omnibus Budget Reconciliation Act of 1990." For the reasons set forth below, we believe that the conditions imposed on action by the Secretary of Health and Human Services in subsection 4117(b) violate either the Appointments Clause, U.S. Const. art. II, § 2, cl. 2, or the bicameralism and presentment requirements in Article I, Section 7 of the Constitution. We are further of the view that, in the event that the President approves the bill, he may direct that the requirements imposed by subsection 4117(b) be given no legal force or effect.

Section 4117 provides in relevant part:

> (a) *In General.* — Notwithstanding section 1848(j)(2) of the Social Security Act (42 U.S.C. 1395w-4(j)(2)) [which defines "fee schedule area[s]" in terms of "localit[ies]"], in the case of the States of Nebraska and Oklahoma, if the respective State meets the requirements specified in subsection (b)

---

* Editor's Note: The holding of this opinion relating to the Appointments Clause has been disavowed. *See* Memorandum for the General Counsels of the Federal Government, from Walter Dellinger, Assistant Attorney General, *Re: The Constitutional Separation of Powers between the President and Congress*, at 20-21 n.53 (May 7, 1996).

on or before April 1, 1991, the Secretary of Health and Human Services . . . shall treat the State as a single fee schedule area for purposes of determining —

> (1) the adjusted historical payment basis (as defined in section 1848(a)(2)(D) of such Act (42 U.S.C. 1395w-4(a)(2)(D))), and

> (2) the fee schedule amount (as referred to in section 1848(a) (42 U.S.C. 1395w-4(a)) of such Act),

for physicians' services (as defined in section 1848(j)(3) of such Act (42 U.S.C. 1395w-4(j)(3))) furnished on or after January 1, 1992.

(b) *Requirements.* — The requirements specified in this subsection are that (on or before April 1, 1991) there are written expressions of support for treatment of the State as a single fee schedule area (on a budget-neutral basis) from —

> (1) each member of the congressional delegation from the State, and

> (2) organizations representing urban and rural physicians in the State.

In effect, subsection 4117(b) grants "each member of the congressional delegation" from the States of Nebraska and Oklahoma and "organizations representing urban and rural physicians in the State" the power to determine, *ab initio*, whether "the Secretary of Health and Human Services . . . shall treat the States as a single fee schedule area" for the purposes enumerated in subsection 4117(a).

In our view, the power to determine whether or not the Secretary shall treat the States of Nebraska and Oklahoma as a single fee schedule area clearly affects physicians' "eligibility for funds" in those States, and therefore constitutes the exercise of "significant authority pursuant to the laws of the United States," *Buckley v. Valeo,* 424 U.S. 1, 126, 140 (1976). Such authority must be exercised by persons appointed as Officers of the United States in conformity with the Appointments Clause, U.S. Const. art. II, § 2, cl. 2. *Buckley,* 424 U.S. at 140-41; *see also Bowsher v. Synar,* 478 U.S. 714, 726 (1986) ("The structure of the Constitution does not permit Congress to execute the laws . . . ."). Since neither the members of State congressional delegations nor "organizations representing urban and rural physicians in the

State" are Officers of the United States appointed consistent with Article II, subsection 4117(b) unconstitutionally delegates executive power to these entities. Indeed, the members of State congressional delegations could not be appointed Officers of the United States without violating the Incompatibility Clause, U.S. Const. art. I, § 6, cl. 2.

Alternatively, by conditioning the Secretary's action on the prior approval of certain members of Congress, subsection 4117(b) permits several Members of Congress to take action that "alter[s] the legal rights, duties and relations of persons" while evading the bicameralism and presentment requirements in Article I, Section 7. *INS v. Chadha*, 462 U.S. 919, 952 (1983). Statutory arrangements of this kind are clearly unconstitutional. *Id.* at 959. Furthermore, subsection 4117(b) is unconstitutional insofar as it attempts to confer lawmaking power on State organizations, because only Congress has the authority to exercise the "legislative Powers" of the federal government. U.S. Const. art. I, § 1.

At least in the context of legislation that infringes upon the President's constitutional authority, and thereby violates the constitutional principle of separate powers, the President may refuse to enforce unconstitutional requirements. *See Issues Raised by Foreign Relations Authorization Bill*, 14 Op. O.L.C. 37, 50 (1990). Accordingly, we believe that, consistent with the Constitution, the President may treat the unconstitutional condition in subsection 4117(b) as having no legal force or effect.[1]

J. MICHAEL LUTTIG
*Assistant Attorney General*
*Office of Legal Counsel*

---

[1] Given the invalidity of subsection 4117(b) of the statute, it will be necessary to determine whether the direction to the Secretary in subsection 4117(a) is severable from the unconstitutional condition. *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 684-87 (1987).